Dear Representative Maddux,
¶ 0 This office has received your request for an official Attorney General Opinion asking, in effect, the following questions:
1. May a public body accept a gift from an anonymous donor?
 2. May a public body keep confidential the identity of a donorfrom whom the public body has accepted a gift?
 I.
¶ 1 The State and its political subdivisions have the legal capacity to accept gifts pursuant to 60 O.S. 2001, § 381[60-381] which provides in full as follows:
 The legal capacity of the State of Oklahoma, and of each county, city, town and school district in the state, to take title or any interest therein including, but not limited to, right-of-way or right-of-way easements in the case of a county, legal, equitable, or both, to any property, real, personal or mixed, by gift, testamentary or otherwise, as well as by purchase, is hereby specifically approved and affirmed.
Id.
¶ 2 Section 383 of Title 60 provides that "[e]xcept to the extent that such authority is otherwise specifically vested in some other state officer, board, commission, or agency," the Governor has the authority to accept any gift of any property presented to the state "or to any state institution, department, or agency." Id. The manner in which gifts to the State are accepted by the Governor is governed by 60 O.S. 2001, §§ 381-396[60-381-396]. Generally, property other than cash is received by the Director of Central Services.[1] Id. § 383. Gifts of cash or the equivalent of cash are received by the Director of State Finance.Id.
¶ 3 Some public bodies have the authority to accept gifts on their own. For example, the University Hospitals Authority has the power to acquire property "by purchase, lease, gift, or by any other manner." 63 O.S. 2001, § 3208[63-3208](A)(9). A city-county park and recreation commission has the authority "[t]o accept or in its discretion to decline donations tendered to the city-county park and/or recreation system." 19 O.S. 2001, § 1008[19-1008](i).
¶ 4 You first ask whether a public body may accept a gift from an anonymous donor. No statutory or decisional law prohibits a public body from accepting a gift from a truly anonymous donor, i.e., a donor whose identity is unknown to the public body. Such donations might be made through a third party. As a result, the answer to your first question is yes. A public body may accept a gift from a donor whose identity is unknown to the public body.
 II.
¶ 5 You next ask whether a public body may keep the identity of a known donor confidential. To answer your question, it is necessary to examine the Open Records Act (51 O.S. 2001, §§ 24A.1-24A-26[51-24A.1-24A-26]).
¶ 6 When a gift is received by a public body, that body must necessarily create records regarding the gift. In addition to an action item on the public body's agenda pursuant to the Open Meetings Act, (25 O.S. 2001, §§ 311-314[25-311-314]), the transaction will generate financial records.[2] There may also be correspondence between the donor and the public body. Such records are subject to the Open Records Act.
¶ 7 The Open Records Act creates the strong presumption that records possessed by a public body be made available for inspection to the public upon request. 51 O.S. 2001, § 24A.2[51-24A.2]. The presumption can only be defeated if the information contained in the record is confidential pursuant to State or federal law.Id.
¶ 8 The Act defines "record" broadly to include "all documents, including, but not limited to, any book, paper, photograph, microfilm, data files created by or used with computer software, computer tape, disk, and record, sound recording, film recording, video record or other material regardless of physical form or characteristic." Id. § 24A.3(1). Section 24A.4 of the Act specifically addresses the financial records of a public body and provides that "every public body and public official has a specific duty to keep and maintain complete records of the receipt and expenditure of any public funds reflecting all financial and business transactions relating thereto." Id.
¶ 9 As a result, records relating to a gift, including records containing the identity of the donor, are open and are available to the public for inspection, unless such information has been made confidential by a State or federal statute. No public body has the authority to keep confidential that which is otherwise an open record. State ex rel. Okla. State Bd. of Med. Licensure Supervision v. Migliaccio, 917 P.2d 483, 486 (Okla.Ct.App. 1996).
¶ 10 The Open Records Act itself provides for the confidentiality of a donor's identity at 51 O.S. 2001, § 24A.11[51-24A.11] which states in full as follows:
 A. A public body may keep confidential library, archive, or museum materials donated to the public body to the extent of any limitations imposed as a condition of the donation and any information which would reveal the identity of an individual who lawfully makes a donation to or on behalf of a public body including, but not limited to, donations made through a foundation operated in compliance with Sections 5-145 and 4306 of Title 70 of the Oklahoma Statutes.
 B. If library, archive, or museum materials are donated to a public body and the donation may be claimed as a tax deduction, the public body may keep confidential any information required as a condition of the donation except the date of the donation, the appraised value claimed for the donation, and a general description of the materials donated and their quantity.
Id. (emphasis added).
¶ 11 The plain language of Section 24A.11(A) authorizes a public body to keep confidential any information that would reveal the identity of an individual who makes a lawful donation to a public body.
¶ 12 When originally enacted in 1985, Section 24A.11(A) provided in full as follows:
 A. A public body may keep confidential library, archive, or museum materials donated to the public body to the extent of any limitations imposed as a condition of the donation or any information which would reveal the identity of an individual who lawfully makes a donation to a public body if anonymity of the donor is a condition of the donation.
1985 Okla. Sess. Laws ch. 355, § 11 (codified at 51 O.S. 1985 Supp., § 24A.11[51-24A.11]) (emphasis added).
¶ 13 In 1992, the Legislature amended the statute to its current form. The Legislature removed the clause, "if anonymity of the donor is a condition of the donation" and added the phrase, "including, but not limited to, donations made through a foundation operated in compliance with Sections 5-145 and 4306 of Title 70 of the Oklahoma Statutes." 1992 Okla. Sess. Laws ch.231, § 3 (amending 51 O.S. 1991, § 24A.11[51-24A.11]). The change evinces the Legislature's intent to permit public bodies to keep the identity of donors confidential even if the donors did not request such confidentiality. As such, the change expanded the authority of public bodies to keep the names of donors confidential.
¶ 14 The amended language also underscores the Legislature's intent that public bodies have the ability to keep confidential the identity of donors who make donations to the public body through a foundation.[3] If a donor's name is held in confidence by a foundation, Section 24A.11 allows the public body that is the ultimate beneficiary of that donation to also keep the donor's identity confidential.[4]
¶ 15 It is important to note that the authority of a public body to keep donors' identities confidential is tempered by the rules of the Ethics Commission as codified at 74 O.S. 2001, ch. 62, app., R. 257:20-1-1-257:30-1-9 of the Oklahoma Statutes. Rule 257:20-1-1(a)(1) requires State officials and employees to be independent and impartial. Rule 257:20-1-1(b)(5) requires State officers and employees to "exercise their powers and prerogatives without prejudice or favoritism." Id. As a result, no State officer or employee may allow a donation to a public body to influence that officer or employee to show favoritism in the execution of his or her public duties.
¶ 16 It is also important to note that the language of 51 O.S. 2001, § 24A.11[51-24A.11] is permissive and not mandatory; that is, the Open Records Act gives public bodies the discretion to keep the identity of donors confidential, but does not require them to do so. Such discretion does not exist, of course, if other law specifically requires or prohibits confidentiality.
¶ 17 It is, therefore, the official Opinion of the AttorneyGeneral that:
 2. A public body has discretion to accept gifts from a donorwhose identity is unknown.
 2. Absent other law specifically requiring or prohibitingconfidentiality, a public body has discretion to keep theidentity of a donor confidential pursuant to 51 O.S. 2001, §24A.11[51-24A.11]. Any decision regarding confidentiality donor identitymust be made in compliance with the rules of the EthicsCommission. See 74 O.S. 2001, ch. 62, app., R.257:20-1-1-257:30-1-9.
W.A. DREW EDMONDSON Attorney General Of Oklahoma
GRANT E. MOAK Assistant Attorney General
[1] Title 60 O.S. 2001, § 383[60-383] refers to the "Director of Public Affairs." This title was changed to "Director of Central Services" at 1992 Okla. Sess. Laws ch. 37, § 2 (amending 74 O.S. 1991, § 61.2[74-61.2]).
[2] For example, 62 O.S. 2001 § 7.3[62-7.3](A) requires all State agencies to report income disbursements and transfers to the Director of State Finance.
[3] Section 24A.11(A) provides that donations coming within the scope of the statute include but are not limited to those made through local foundations benefitting public school districts (70 O.S. 2001, § 5-145[70-5-145]) and foundations benefitting public colleges and universities (70 O.S. 2001, § 4306[70-4306]).
[4] The list of contributors maintained by a local foundation benefitting a public school is confidential pursuant to 70 O.S. 2001, § 5-145[70-5-145](I). The names of donors maintained by public college and university foundations are kept confidential from auditors under the circumstances provided for at 70 O.S. 2001, § 4306[70-4306](d).